```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 08-60040-CIV-ZLOCH
```

DAVID REID, et al.,

    Plaintiffs,

vs.                                              **OMNIBUS ORDER**

HOLLY BENSON, in her official
capacity as Secretary, Florida
Agency for Health Care
Administration,

    Defendant.
_____/

THIS MATTER is before the Court upon Plaintiffs' Motion To Certify Class (DE 7), Plaintiffs' Motion For Hearing (DE 14), and Defendant Holly Benson's Motion To Dismiss (DE 9). The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

This action was brought by Plaintiffs, who all receive Medicaid benefits, as a declaratory class action under Federal Rule of Civil Procedure 23(b)(2). Defendant is charged with the duty of implementing an experimental government program, that moves certain Medicaid recipients into managed care plans. Defendant filed the instant Motion To Dismiss (DE 9) and in it she argues three bases for dismissing this action.

Two of the arguments raise complex quasi-factual issues, including whether Plaintiffs have standing to bring this action and whether Defendant has complied with 42 U.S.C. § 1396u-2(a)(4)(B). The second argument contains two discrete sub-issues, one legal and

one factual: whether the statute provides for notice to be given by a state through its managed care organizations; and, in this case, whether Defendant's managed care organizations have in fact provided such notice.  These issues are necessarily beyond the scope of a motion filed pursuant to Rule 12(b)(6); however, they do not require a great amount of discovery on the part of the Parties. Much of the information that would be considered by the Court has been filed with the Parties' pleadings.  Therefore, pursuant to Rule 12(d), the Court will convert the instant Motion To Dismiss into one for summary judgment. The Parties are directed to supplement the Record with whatever additional Exhibits and Affidavits they believe are pertinent to their respective position on the instant Motion (DE 9).

In addition, the issue of standing will directly affect the Court's Rule 23(a) analysis of Plaintiffs' Motion To Certify Class (DE 7).  Therefore, the Court shall deny the Plaintiffs' instant Motion To Certify Class (DE 7) without prejudice and with leave to refile pending resolution of Defendant's Motion To Dismiss (DE 9).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. That pursuant to Federal Rule of Civil Procedure 12(d) the Parties to this action are **DIRECTED** to supplement their filings by <u>noon</u> <u>Thursday, May 22, 2008</u>, with any and all material that is pertinent to the prosecution and defense of Defendant's Motion To

2

Dismiss (DE 9);

    2. That Plaintiffs' Motion To Certify Class (DE 7) be and the same is hereby **DENIED** without prejudice and with leave to refile; and

    3. That Plaintiffs' Motion For Hearing (DE 14) be and the same is hereby **DENIED.**

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___7th___ day of May, 2008.

                                WILLIAM J. ZLOCH
                                United States District Judge

Copies furnished:

All Counsel of Record